UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CASE NUMBER: 10-11585
HON. VICTORIA A. ROBERTS

IN RE:

SHANNON HOPE PITCHER
   Debtor,
JAMES EDWARD SCHMIDT,
   Appellant,
_____/

## ORDER DENYING LEAVE TO FILE INTERLOCUTORY APPEAL

James E. Schmidt, Monarch Machine, the

Karl James Schmidt Trust, National Unlimited

Services, and Tyrolia are creditors in the case

of *In Re Pitcher*, No. 09-23638, in the United

States Bankruptcy Court for the Eastern District of Michigan in Bay City. On April 19, 2010, they filed this pro se Notice of Appeal to U.S. Federal District Court Writ of Mandamus for Federal Grand Jury on Federal Bureau of Investigation (Detroit). While the substance of this pleading is somewhat confused, it appears to be a petition to review the Bankruptcy Court's Order Denying in Part Jury Trial Demand, Right of Trial, Removal of Hon. Daniel S. Opperman, Writ/Demand for Federal Grand Jury, entered on December 14, 2009.

Federal district courts have jurisdiction to hear appeals from final judgments, orders and decrees in bankruptcy cases. 28 U.S.C. § 158(a)(1). "For purposes of appeal, an order is final if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Cundiff v. Cundiff (In re Cundiff)*, 227 B.R. 476, 477 (B.A.P. 6th Cir. 1998) (*quoting Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (citations and internal quotations omitted)). "A final order of a bankruptcy court may be appealed as of right

under § 158(a)(1)." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997); *In re U.S. Truck Co. Holdings, Inc.*, 341 B.R. 596, 599 (E.D. Mich. 2006).

Here, the Bankruptcy Court denied Petitioners' demands for jury trial, recusal, and their request to summon a federal grand jury. The order is not a ruling on the merits of the underlying bankruptcy, nor does it pave the way for executing the judgment. Therefore, it is not appealable as of right under § 158(a)(1).

The interlocutory orders and decrees of bankruptcy courts can be appealed in district court. § 158(a)(3). However, contrary to appeals as of right, interlocutory appeals require leave, which the court may grant or deny at its discretion. *Id.*; *see also St. James Inc. v. Am. Specialty Cars Holdings, LLC*, 386 B.R. 187, 194 (E.D. Mich. 2007) (summarizing abuse-of-discretion standard). Furthermore, the party seeking leave to appeal must petition the district court within 14 days after the interlocutory order is entered. Fed. R. Bankr. P.

8003(c).

The order on which this appeal is based was entered on December 14, 2009; Petitioners filed this notice of appeal on April 19, 2010. The Court may construe an improperly-filed notice as a petition for leave to appeal. *Id.* However, even by the most generous standards, Petitioners' request is untimely. Under any circumstance, a four-month interval would be difficult to overlook, but Petitioners do not offer any reason for their delay.

Therefore, the Notice of Appeal to U.S.

Federal District Court Writ of Mandamus for Federal Grand Jury on Federal Bureau of Investigation (Detroit) is **DENIED**.

**IT IS ORDERED.**

     s/Victoria A. Roberts
     Victoria A. Roberts
     United States District Judge

Dated: May 28, 2010

> The undersigned certifies that a copy of this document was served on the attorneys of record AND James E. Schmidt by electronic means or U.S. Mail on May 28, 2010.
>
> s/Carol A. Pinegar
>
> Deputy Clerk